IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03165-NYW-CYC

CHAD CALVERT,

    Plaintiff,

v.

ALLOSOURCE,

    Defendant.

---

# ORDER
---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Chad Calvert moves for the appointment of pro bono counsel, arguing that his case is meritorious but too complex for him to handle alone. ECF No. 18. Oral argument will not materially assist in the resolution of this matter and the motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion is **DENIED without prejudice**.

## BACKGROUND

    The plaintiff initiated this action by filing a pro se complaint on November 14, 2024. ECF No. 1. He was granted leave to proceed *in forma* pauperis, ECF No. 2, and the Court therefore reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed the plaintiff to file an amended complaint. ECF No. 5. The plaintiff did, asserting that the defendant discriminated and retaliated against him based on his mental health condition. ECF

No. 9. On February 24, 2025, the United States Marshals Service effected service upon the defendant. ECF No. 21. This motion followed the next day. ECF No. 18.

## ANALYSIS

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. He asserts, for example, that he is unable to afford counsel and needs an attorney to handle the complexities of the case. ECF No. 18. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. Indeed, "[a] plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992); *see Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining a

district court can refuse to appoint counsel in all but "extreme case[s] where the lack of counsel results in fundamental unfairness").

The plaintiff further asserts that he has evidence that will help prove his retaliatory claim. ECF No. 18. That may be, but at this stage, it is difficult to determine exactly how meritorious that evidence is from a generic assertion that the plaintiff has documents and recordings proving his case without more. *See* ECF No. 18. As such, given that "[t]his action is in its early stages" and "Plaintiff's claims do not appear overly complex," the plaintiff's request for pro bono counsel is premature. *Vora v. C4 Therapeutics, Inc.*, No. 22-CV-00640-RMR-NYW, 2022 WL 20622169, at *2 (D. Colo. Apr. 1, 2022).

In sum, this case is at an early stage, it is not overly complex from a reading of the complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the circumstances change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial"). To the extent that the plaintiff is inclined to search for an attorney of his own choosing, it is noted that many plaintiff's attorneys take cases on contingency — that is, their fee is a portion of any award in the case, rather than an up-front hourly fee.

## CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel, ECF No. 18, is **DENIED without prejudice**.

3

Entered and dated this 7th day of March, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4