IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03165-CYC

CHAD CALVERT,

    Plaintiff,

v.

ALLOSOURCE,

    Defendant.

---

## ORDER
---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendant AlloSource moves to dismiss plaintiff Chad Calvert's employment discrimination claims. ECF No. 25. Some of those claims were not timely raised with the Equal Employment Opportunity Commission ("EEOC") and are therefore subject to dismissal. Others lack sufficient allegations in the plaintiff's complaint to support them. The motion is therefore granted, albeit without prejudice, not with prejudice as the defendant requests.

## BACKGROUND

    According to the Amended Complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the plaintiff began working for the defendant in 2019. ECF No. 9 at 5–6. In January 2022, his supervisor posed continuous questions about the plaintiff's sexual preferences and personal life. *Id.* at 5. Two months later, he reported the discriminatory practices, unsafe working conditions, and hostile work environment to which he was subject to human resources, but they failed to act. *Id.* at 5–6. Instead, the plaintiff faced retaliation in the form of a low performance evaluation, being passed over for

promotions, and — somewhat more vaguely — being subject to a continued "hostile work environment." *Id.* at 6. That May, he switched shifts to avoid that environment, but in June, he was forced to attend mandatory mental health therapy "within 24 hours" or face termination. *Id.*

Dissatisfied with human resources' inaction on his claims, in June 2022, the plaintiff called the EEOC to file a complaint. *Id.* The EEOC, however, did not complete a charge of discrimination until March 13, 2023 ("Charge 1"). *Id.*; ECF No. 1-5.[1] In July and August 2022, the plaintiff was denied promotions, and his supervisor used derogatory slurs against him. ECF No. 9 at 6.

In February 2023, the plaintiff reported to a supervisor that a coworker was under the influence of alcohol at work, but the supervisor informed the coworker of the accusation. ECF No. 9 at 6. Thereafter, the supervisor and other coworkers "created a threatening and hostile work environment with verbal abuse," and the plaintiff suffered three further denials of promotions in the summer of 2023. *Id.* at 6–7. On October 31, 2023, a physician for the defendant directed the plaintiff to take leave under the Family Medical Leave Act. *Id.* at 7. When the plaintiff attempted to return, the defendant informed him that he was terminated. *Id.*

He then filed a second charge of discrimination on July 25, 2024 ("Charge 2," collectively with Charge 1, the "Charges"). ECF No. 1-4. On August 14, 2024, the EEOC issued a notice of his right to sue for Charge 2. ECF No. 1-2. Sixteen days later, it issued a similar notice for Charge 1. ECF No. 1-3.

---

[1] While the plaintiff's amended complaint supersedes his original complaint, *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)), the Court considers the exhibits attached to his original complaint, *see* D.C.COLO.LCivR 15.1(b), as another magistrate judge informed him that he need not refile those exhibits with his amended complaint. ECF No. 6 at 8.

2

The plaintiff then commenced this action pro se on November 14, 2024. ECF No. 1. A magistrate judge reviewed the complaint, *see* D.C.COLO.LCivR 8.1(a), and ordered an amended complaint within thirty days because the original one was vague and conclusory. ECF No. 5 at 5. Eventually, the plaintiff complied. ECF No. 9.

This motion followed. ECF No. 25.

## ANALYSIS

Construing the Amended Complaint liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the plaintiff appears to assert a failure to promote claim, a hostile work environment claim on the basis of gender and retaliation, a sex discrimination claim under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17, and disability discrimination claims under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213.

The defendant challenges these claims under Rule 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." As such, a plaintiff's "failure to state a claim upon which relief can be granted" warrants dismissal under Rule 12(b)(6). A district court faced with a Rule 12(b)(6) motion evaluates whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Instead, a court looks to whether "the plaintiff" has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

I. **Timeliness of the Action**

The defendant first asserts that the plaintiff did not file his action on time. ECF No. 25 at 13. After a plaintiff files a charge with the EEOC, if the EEOC or the Attorney General does not initiate a civil action based on the charge, they "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). As to Charge 1, that is no barrier: the EEOC issued that Charge's right-to-sue letter on August 30, 2024, and the plaintiff commenced this action seventy-six days later. ECF Nos. 1-3, 9.

But Charge 2, the defendant says, was issued on August 14, 2024, ECF No. 1-2, ninety-two days before this case started. ECF No. 25 at 14. The argument has some superficial appeal. "A claimant," though, "must bring the action within ninety days of receiving the right-to-sue letter," not within ninety days of issuance. *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001). And where, as here, the date of receipt is unknown, the law presumes it took either three or five days for the right-to-sue letter to arrive. *Id.* (collecting cases). The presumption is rebuttable, *see id.*, but the defendant does not try to rebut it. With that presumption applied, then, the plaintiff timely filed his action.

II. **Timeliness of the Charges**

The defendant asserts that most of the plaintiff's claims are time-barred in a different way. "[P]rior to commencing a Title VII or ADA action in federal court in a 'deferral state' like Colorado, a plaintiff first must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice." *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (unpublished) (citing 42 U.S.C. §§ 2000e–5(e)(1), 12117(a)). "The filing is a prerequisite to a civil suit under Title VII

4

and a claim is time-barred if it is not filed within these time limits." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003).

Charge 1, dated March 13, 2023, can therefore only support claims based on acts that occurred on or after May 17, 2022. That excludes the plaintiff's sole allegation supporting his sex-discrimination claim: that he was subject to "probing questions" about his sexual preferences and personal life in January 2022. It also excludes the plaintiff's allegations of April 2022 retaliation in the form of low merit scores and performance evaluations.

Charge 2, dated July 25, 2024, can only support claims based on acts that occurred on or after September 9, 2023. ECF Nos. 1-4, 1-5. That excludes the plaintiff's allegation that he was not promoted in the summer of 2023. Nor can Charge 1 encompass acts that occurred after March 13 but before September 9, 2023, because each act "must be separately exhausted, even when acts that post-date the EEOC [charge] reasonably relate to others presented to the EEOC." *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) (citing *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)). As such, the Court cannot consider the plaintiff's allegations that he was denied promotions in the summer of 2023.

The plaintiff protests. His June 2022 communications with the EEOC, he says, should anchor the 300-day clock. ECF No. 37 at 2. But if a filing other than the EEOC's formal Charge of Discrimination form is to be "deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). His June 2022 communications with the EEOC did not request that the EEOC "activate its machinery and remedial processes." *Id.* at 406. The aforementioned acts, then, remain unexhausted with the EEOC. The Court cannot consider them as standalone acts.

5

There is a point to add. The continuing violation doctrine permits a plaintiff to "seek[] redress for injuries resulting from a series of separate acts that collectively constitute one unlawful act." *Hamer v. City of Trinidad*, 924 F.3d 1093, 1098 (10th Cir. 2019) (citing *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 672 (10th Cir. 2016)) (citation modified). In the context of discrimination and retaliation, this doctrine is limited to hostile work environment claims. *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 632 (10th Cir. 2012), *abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). It is possible, then, that although acts outside the 300-day window cannot support a standalone claim, they may "be considered as part of a hostile work environment claim" if properly construed to be part of the hostile work environment practice alleged. *Equal Emp. Opportunity Comm'n v. Jackson Nat'l Life Ins. Co.*, No. 16-CV-02472-PAB-SKC, 2018 WL 4360442, at *7 (D. Colo. Sept. 13, 2018) (collecting cases). As discussed below, though, resolution of whether they should be so aggregated is unnecessary because the Amended Complaint does not sufficiently allege a hostile work environment claim.

### III.     Sufficiency of Allegations

When screened for timeliness, the plaintiff's potentially remaining claims are his hostile work environment claim, a retaliation claim based on his February 2023 reporting of his coworker's alcohol use at work, his failure to promote claim from June and July 2022, and his claim that mandated therapy constituted disability discrimination. None of these are adequately supported by the allegations of the Amended Complaint.

#### A. Hostile Work Environment

The plaintiff asserts that the defendant created a hostile work environment because he reported discrimination and unsafe working conditions. ECF No. 9 at 6. The underlying allegations are insufficient.

"To survive a motion to dismiss, a plaintiff's hostile work environment allegations, taken as true, must sufficiently support that 'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Porter v. Regents of Univ. of Colo.*, No. 22-cv-00335-MDB, 2023 WL 2664207, at *11 (D. Colo. Mar. 28, 2023) (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)). Where the hostile work environment is alleged to be retaliatory, "a plaintiff must [also] present allegations tending to show . . . that the harassment was committed 'in retaliation for protected behavior.'" *Id.* (citing *Slover v. Univ. of Colo.*, No. 1:21-CV-01378-SKC, 2022 WL 833364, at *4 (D. Colo. Mar. 20, 2022)).

The Amended Complaint lacks sufficient factual detail to state such a claim. After all, it "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). It does not. To be sure, the plaintiff repeatedly offers the allegation of a "hostile work environment." ECF No. 9 at 5–7. But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And the Amended Complaint alludes generally to "slurs" and "verbal abuse," ECF No. 9 at 6, but such "general allegations [are] insufficient to state a hostile work environment claim because" they do "not provide any details, such as when and how frequently these incidents occurred . . . or what was said." *Rivera v. JP Morgan Chase*, 815 F. App'x 603, 607 (2d Cir. 2020). As such, the plaintiff fails to allege specific facts showing that his workplace was "permeated with discriminatory intimidation, ridicule, and insult" that was

"sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 897 (10th Cir. 2017) (quoting *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998)). Accordingly, this claim must be dismissed.

### B. Retaliation

The plaintiff next asserts a retaliation claim for reporting a coworker's being under the influence of alcohol. ECF No. 9 at 5–6. But the law does not prohibit this type of retaliation.

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "To establish a prima facie case of retaliation, a plaintiff must show: '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009) (citing *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007)).

Here, the plaintiff does not allege that he "engaged in protected opposition to discrimination." While protected opposition can include "voicing informal complaints to superiors," *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004), the plaintiff relies on his report to a supervisor that a coworker was drinking on the job, which alone, is not discriminatory. As such, the plaintiff has not set forth facts showing protected opposition to discrimination and, therefore, has not pled a plausible claim for relief.

### C. Disability Discrimination

The plaintiff's disability discrimination claims also fail.

### a. Forced Therapy

The plaintiff alleges that his manager forced him to choose between mental health therapy or termination. ECF No. 9 at 6. But his failure to allege facts showing the purpose of the therapy undermines his claim.

Under the ADA, an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). "A plaintiff asserting a claim under § 12112(d)(4)(A) must show (1) that he is an employee of the defendant-employer, and (2) that the defendant-employer required him to undergo a medical examination or made a disability-related inquiry of him." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 901 (10th Cir. 2017) (citing *Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir. 1997)). "The employer may avoid liability by demonstrating that the medical examination or disability-related inquiry was job-related and consistent with business necessity." *Id.* (citing 42 U.S.C. § 12112(d)(4)(A)).

Whether the therapy at issue here is a medical examination hinges upon "whether it is likely to elicit information about a disability, providing a basis for discriminatory treatment." *Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 816 (6th Cir. 2012). That is because "[t]he [EEOC] guidance . . . explains that 'psychological tests that are designed to identify a mental disorder or impairment' are 'medical examinations,' while 'psychological tests that measure personality traits such as honesty, preferences, and habits' are not." *Id.* (quoting Enforcement Guidance: Disability-related Inquiries and Medical Examinations of Employees Under the Americans With Disabilities Act (ADA), 2000 WL 33407181, at *4). Here, the plaintiff asserts only that he was forced to attend therapy or face termination but fails to provide information as

9

to the purpose of the alleged forced therapy. As such, the plaintiff has failed to state a claim under section 12112(d)(4)(A).

### b. Failure to Promote

The plaintiff asserts that he was denied promotions because of his "disabilities of peripheral neuropathy and mental health." ECF No. 9 at 5. While the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), does not strictly apply, the elements of the offense are useful in evaluating whether the plaintiff has stated a claim. "To establish a prima facie failure-to-promote claim under the ADA, a plaintiff must show: (1) he has a 'disability' within the meaning of the ADA; (2) he was qualified, with or without reasonable accommodation, to perform the essential job functions of the position he sought; and (3) his employer refused the promotion under circumstances giving rise to an inference that the decision was based on his disability." *N'Gouan v. AB Car Rental Servs.*, Inc., No. 17-CV-01912-CMA-NRN, 2018 WL 6172351, at *9 (D. Colo. Nov. 26, 2018) (citing *Rakity v. Dillon Cos., Inc.*, 302 F.3d 1152, 1164 (10th Cir. 2002)).

The first element, however, proves fatal. To be disabled under the ADA, the plaintiff must have "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "A 'major life activity' is a basic activity that the average person in the general population can perform with little or no difficulty," *Pack v. Kmart Corp.*, 166 F.3d 1300, 1305 (10th Cir. 1999) (citation modified), and can "include such functions as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working." *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495–96 (10th Cir. 2000). As such, to establish that he has a disability, the plaintiff "must (1) have a recognized impairment, (2) identify one or more appropriate major life

activities, and (3) show the impairment substantially limits one or more of those activities." *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011) (citing *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir.2007)).

The plaintiff fails to allege that he is disabled within the meaning of the ADA. While the plaintiff labels his peripheral neuropathy and mental health as disabilities, more is needed: he must allege facts showing that these disabilities have an impact on a major life activity. As the plaintiff's allegations are lacking on this essential element, his failure to promote claim fails.

### IV.     Dismissal Without Prejudice

Finally, the defendant requests that any dismissal be with prejudice. ECF No. 25 at 14–15. But "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Here, such futility is not obvious. Many of the dismissals here are on account of a lack of factual detail; the plaintiff may address that with more detailed allegations. Dismissal therefore will be without prejudice.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the defendant's motion to dismiss, ECF No. 25, is **GRANTED in part**. The plaintiff's claims are dismissed **without prejudice**.

The plaintiff is given leave to file an amended complaint within forty-five days of this order. A failure to do so may result in the case being dismissed with prejudice.

DATED this 11th day of December, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge